J-A29045-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GUIDO RYAN LAVELLA, | : | |
| | : | |
| Appellant | : | No. 1951 EDA 2017 |

Appeal from the PCRA Order May 30, 2017
in the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003645-2013

BEFORE:    LAZARUS, PLATT,* and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED DECEMBER 05, 2017**

Guido Ryan LaVella[1] (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

This Court offered the following relevant procedural history.

[Appellant] entered into an open guilty plea on August 14, 2014 to five (5) counts of theft by deception, 18 Pa.C.S. § 3922(a)(1). A pre–sentence investigation report was completed, and a sentencing hearing was conducted on October 24, 2014. [Appellant] was sentenced by the court to an aggregate term of not less than six (6) years four (4) months, not more than fifteen (15) years in prison. [Appellant] filed a motion for reconsideration on November 3, 2014, and oral argument on that motion was held on January 9, 2015. [Appellant's] motion was granted in part and denied in part, and [Appellant's] sentence was amended on February 5, 2015 to include the proper [Recidivism Risk Reduction Incentive] minimum sentence calculation. [Appellant] filed an

---

[1] We note that Appellant's name has previously been spelled as both "LaVella" and "la Vella."   For purposes of this appeal, we use the "LaVella" spelling.

*Retired Senior Judge assigned to the Superior Court.

appeal to the Superior Court on March 4, 2015[,] which was subsequently withdrawn on May 5, 2015. [Appellant] then filed the instant *pro se* PCRA petition on September 2, 2015, and a related "First Supplemental Petition" on November 16, 2015. The court issued a notice of intent to dismiss the PCRA petition on November 30, 2015. Pursuant to the provisions of Pa.R.[Crim.]P. 907(1), [Appellant] was informed that he had twenty (20) days from the docketing of that notice (which occurred on December 1, 2015) to respond, or else his petition would be dismissed. [Appellant's] Response to the court's notice was filed on December 14, 2015. Upon review of [Appellant's] response, on January 7, 2016 the court vacated its notice of intent to dismiss and appointed Robert P. Brendza, Esquire to represent [Appellant] in these PCRA proceedings. Counsel filed a petition to withdraw as PCRA counsel per ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) [ (*en banc*) ] and ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) on March 29, 2016.

***Commonwealth v. LaVella***, 161 A.3d 385 (Pa. Super. 2017) (unpublished memorandum at 1) (quoting Notice of Intent to Dismiss, 4/12/2016, at 2 n. 1) (unnecessary capitalization omitted).

On April 12, 2016, the PCRA court issued a new notice of intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. On April 27, 2016, Appellant filed a response, but the PCRA court did not receive the response until May 2, 2016. In the meantime, on April 29, 2016, the PCRA court dismissed Appellant's PCRA petition and granted counsel's motion to withdraw. Appellant timely filed a notice of appeal. On May 23, 2016, the PCRA court filed an amended order vacating its April 29, 2016 order and addressing Appellant's response. However, because Appellant had filed a notice of appeal, the PCRA court was without jurisdiction to vacate its prior

order. Thus, this Court vacated the PCRA court's premature dismissal, and remanded to the PCRA court for further proceedings. **LaVella**, 161 A.3d 385 (unpublished memorandum at 2).

On April 6, 2017, the PCRA court filed another notice of intent to dismiss Appellant's petition. Appellant timely filed a response, alleging an error in the calculation of the offense gravity score. On May 30, 2017, the PCRA court again granted counsel's motion to withdraw and dismissed Appellant's PCRA petition without a hearing "because none of his sentences is 'greater than the lawful maximum' and no PCRA relief may be granted on this claim." PCRA Order, 5/30/2017, at n. 1.

Appellant timely filed a notice of appeal.[2] Appellant presents this Court with the following question.

> Whether the [PCRA] court committed an error of law by imposing an illegal enhancement to the elements establishing the grading of felony 3 theft (18 Pa.C.S. § 3903), the Appellant's plea agreement, as well as the facts at sentencing; thereby leading to the improper calculation of the Appellant's offense gravity score; perpetrated by way of the [PCRA] court's failure to abide by the provisions set forth in the application of the statutory direction found within Senate Bill No. 731, Session of 2013, section four (4)?

Appellant's Brief at 3 (unnecessary capitalization removed).

---

[2] Appellant complied with Pa.R.A.P. 1925(b). The PCRA court did not provide an opinion pursuant to Pa.R.A.P. 1925(a), but instead relied upon its April 6, 2017 notice of intent to dismiss and May 30, 2017 dismissal, wherein the PCRA court addressed its reasons for denying Appellant's PCRA petition.

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

Appellant alleges that the PCRA court erred in denying his claim that the sentencing court failed to apply an amendment to the Crimes Code, leading to an improper calculation of his offense gravity score.

> An improper calculation of the offense gravity score affects the outcome of the sentencing recommendations, resulting in an improper recommendation, thereby compromising the fundamental norms which underlie the sentencing process. We thus hold that any misapplication of the Sentencing Guidelines constitutes a challenge to the discretionary aspects of sentence.

*Commonwealth v. Archer*, 722 A.2d 203, 210–11 (Pa. Super. 1998) (some internal citations omitted). Based on the foregoing, Appellant's issue implicates the discretionary aspects of his sentence. It is well-settled that "[r]equests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings." *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007). Accordingly, Appellant's claim merits no relief from this Court.[3]

---

[3] Even if we reached the merits of Appellant's claim, he would not be entitled to any relief. Appellant was charged with thefts occurring from 2009 to 2013 and was sentenced on November 3, 2014. Prior to the imposition of Appellant's sentence, but after Appellant committed the underlying offenses,

J-A29045-17

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 12/5/2017

the General Assembly amended the offense gravity score and sentencing guidelines for thefts. It did this in two parts: (1) amending 18 Pa.C.S. § 3903(a.1) to change the grading for theft offenses (effective February 21, 2014, and applicable to sentences imposed after its effective date); and (2) amending the sentencing guidelines at 204 Pa. Code § 303.15 (effective September 26, 2014, and applicable to "all offenses committed on or after the date the amendment becomes part of the guidelines" (204 Pa. Code § 303.1)). Because Appellant committed the offenses prior to the effective date of the new sentencing guidelines, these new sentencing guidelines were not applicable to Appellant's sentence, and the sentencing court did not err in failing to use them.